UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**CHARLES L. PALMER,**

    **Plaintiff,**

v.                                                                                                                                 **Case No. 8:05-cv-320-T-30MAP**

**PRECISION SHOOTING EQUIPMENT,
INC., et al,**

    **Defendants.**

_____

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Response to this Court's *Sua Sponte* Inquiry Regarding Plaintiff's Capacity (Dkt. # 58) and Defendant Precision Shooting Equipment, Inc.'s Memorandum Regarding Plaintiff's Lack of Standing (Dkt. # 58). The Court having considered the memorandum, and being otherwise fully advised, finds that Plaintiff Charles Palmer lacks standing to bring this action in his individual capacity.

### FACTUAL BACKGROUND

Plaintiff's claims arise out of a dispute involving two patents owned by Defendant Precision Shooting Equipment, Inc. ("PSE"). The basis of Plaintiff's Complaint is that the Defendants have engaged in unlawful conduct in attempting to enforce the two allegedly invalid patents related to archery bows. Plaintiff alleges that, despite the fact that Defendants knew the patents were invalid and unenforceable, they sought repeatedly to enforce the

patents by coercing licenses, issuing threats and filing sham lawsuits, in an attempt to monopolize the archery bow market.

PSE had previously filed a patent infringement suit against Golden Eagle Industries, LLC, ("Golden Eagle Industries"), The North American Archery Group ("North American Archery Group"), and Charles L. Palmer.  That patent infringement action, case number 8:00-cv-450-T-17, is currently pending before Judge Kovachevich.  As part of their defense, the defendants filed a counterclaim alleging that the patents were invalid and unenforceable because they were procured by fraud on the U.S. Patent and Trademark Office ("PTO").

## DECLARATORY JUDGMENT STANDING

Count I of Plaintiff's Complaint seeks a declaration that the patents are invalid, unenforceable, and void because of fraud on the PTO during the application process for the patents.  Plaintiff asserts that a declaratory judgment is proper because Charles Palmer has a personal stake in the outcome of an actual controversy.

A two-part test determines whether an actual controversy exists in suits seeking a declaratory judgment on the validity of a patent.  Under that test, there must be both (1) an explicit threat or other action by the patentee which creates a reasonable apprehension on the part of the declaratory judgment plaintiff that it will face an infringement suit, **and** (2) present activity by the declaratory judgment plaintiff which could constitute infringement, or concrete steps taken by the declaratory judgment plaintiff with the intent to conduct such activity. Teva Pharmaceuticals USA, Inc. v. Pfizer, Inc., 395 F.3d 1324, 1330 (Fed. Cir. 2005); Gen-Probe Inc. v. Vysis, Inc., 359 F.3d 1376, 1380 (Fed. Cir. 2004).  The first prong

of the test depends on the conduct of the patentee, while the second element turns on the conduct of the potential infringer.  <u>BP Chemicals Ltd. v. Union Carbide Corp.</u>, 4 F.3d 975, 978 (Fed. Cir. 1993).

The first prong of the test was satisfied when PSE filed its patent infringement lawsuit against Palmer that is currently pending before Judge Kovachevich.  However, Plaintiff fails to satisfy the second part of the test.  Plaintiff's Complaint is devoid of any allegations that his current activities constitute infringement or that he is taking concrete steps with the intent to conduct infringing activity.  Plaintiff alleges that he was a part owner in Golden Eagle Industries and North American Archery Group, two companies that filed for bankruptcy and are now dissolved.  The Complaint also lacks any allegations that Plaintiff is currently producing any archery bows that may infringe on PSE's patents or that he plans on doing so in the future.  Therefore, Plaintiff lacks standing to seek a declaratory judgment regarding the validity of PSE's patents.  Plaintiff's proper recourse is to challenge PSE's patents in the infringement lawsuit.

## ANTITRUST STANDING

Plaintiff's second claim, entitled "Antitrust," alleges that Defendants' behavior was designed to obtain an unlawful monopoly in the low to mid-priced compound archery bow market in the United States. The Eleventh Circuit follows a two-pronged approach in determining whether a plaintiff has antitrust standing.  First, the plaintiff must establish that is has suffered "antitrust injury." <u>Florida Seed Co., Inc. v. Monsanto Co.</u>, 105 F.3d 1372, 1374 (11th Cir. 1997). To satisfy this prong, Plaintiff must prove an injury of the type that

the "antitrust laws were intended to prevent and that flows from that which makes the defendants' acts unlawful." Id. (quoting Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc., 429 U.S. 477, 489 (1977). Second, the plaintiff must establish that he or she is an efficient enforcer of the antitrust laws. Florida Seed, 105 F.3d at 1374. The plaintiff must prove that "he is within that sector of the economy endangered by a breakdown of competitive conditions in a particular industry" and that he is "the target against which anticompetitive activity is directed." Id. (quoting National Independent Theatre Exhibitors, Inc. v. Buena Vista Distribution Co., 748 F.2d 602, 608 (11th Cir. 1984)). "Basically, a plaintiff must show that it is a customer or competitor in the relevant antitrust market." Florida Seed, 105 F.3d at 1374.

Palmer is not a customer or a competitor in the market of archery bow manufacturing. He merely was a part owner of two companies that were competitors in the market prior to their bankruptcies and subsequent dissolution. The only injuries Palmer allegedly suffered were suffered by Palmer as a part owner of the companies, therefore, he has suffered no antitrust injury. Florida Seed, 105 F.3d at 1375-76. "Courts uniformly have held that stockholders, even sole stockholders . . . lack standing to bring an antitrust suit for injury to their corporations." Id. at 1376; see also Buena Vista, 748 F.2d at 608 (officer and shareholder of corporation lacks standing to bring personally bring an action for an antitrust violation that injured the corporation). Such individuals may "suffer 'indirect' or 'secondary' financial injuries from antitrust violations, but they are not the target of the anti-competitive

practices." Buena Vista, 748 F.2d at 608.  Accordingly, Plaintiff lacks antitrust standing and Count II must be dismissed.

## RICO STANDING

Similarly, Palmer lacks standing to bring the RICO claims as well. The Eleventh Circuit has held that "RICO standing will not arise solely because one is a shareholder or a limited partner in a company that was the target of the alleged RICO violation.  Such an injury is too indirect or 'derivative' to confer RICO standing." Bivens Gardens Office Building, Inc. v. Barnett Banks of Florida, Inc., 140 F.3d 898, 906 (11th Cir. 1998).  PSE's alleged RICO actions were targeted at the corporations Palmer partially owned, not at Palmer himself. The RICO claims must be pursued by the corporations alone.

## FRAUD IN THE INDUCEMENT STANDING

Finally, Plaintiff lacks standing to bring his claim for fraud in the inducement.  The Complaint alleges that PSE made misrepresentations of material facts to Bear Archery, Inc. prior to North American Archery Group's acquisition of Bear Archery in 1999.  It is Bear Archery who was allegedly fraudulently induced into entering into a license agreement with PSE and it is Bear Archery or North American Archery Group who has standing to bring this action.  See Braun v. Buyers Choice Mortg. Corp., 851 So.2d 199, 203 (Fla. 4th DCA 2003); Fox v. Professional Wrecker Operators of Florida, Inc., 801 So.2d 175, 179 (Fla. 5th DCA 2001); AmSouth Bank v. Wynne, 772 So.2d 574, 574-75 (Fla. 1st DCA 2000); Horvath v. General Motors Corp., 636 So.2d 771, 772-73 (Fla. 3d DCA 1994).

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff Charles Palmer's Complaint is dismissed for lack of standing.

2. The Clerk is directed to terminate any pending motions and close this case.

**DONE** and **ORDERED** in Tampa, Florida on August 9, 2005.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2005\05-cv-320.dismissal.wpd